FILED LODGED ENTERED RECEIVED
JUL 27 2006 LK
AT SEATTLE CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF WASHINGTON DEPUTY

06-CV-01061-CMP

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN CLAIBORNE,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF SEATTLE, a Municipal Corporation, CITY OF SEATTLE POLICE DEPARTMENT and SEATTLE POLICE OFFICER BRIAN HUNT,<br><br>Defendants. | NO. C06-1061RSM<br><br>COMPLAINT FOR DAMAGES FOR NEGLIGENCE AND VIOLATION OF CIVIL RIGHTS |

## I. INTRODUCTION

1. This is a civil rights action for money damages against the City of Seattle ("City"), City of Seattle Police Department ("SPD"), and Seattle Police Officer Brian Hunt for violations of state tort law, federal law, and of the plaintiff's' constitutionally guaranteed rights. The City of Seattle and City of Seattle Police Department are being sued for developing and maintaining the policies and customs that caused the deprivation



ORIGINAL

LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

SEA 2896 Summ. Issu.

of rights described in this complaint, including failing to discipline the above-named officer in earlier incidents, engaging in a conspiracy among defendants to continue to deprive plaintiffs of their constitutional rights, and having reckless disregard of SPD's violation of plaintiff constitutional rights.

## II. JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution, and various state and common law claims. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1343, *et seq*.

3. There exists a common nucleus of operative facts as to plaintiff's state and federal claims. As a consequence, this court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

4. Venue in the captioned District Court pursuant to 28 U.S.C. § 1391 stems from the fact that the events or omissions giving rise to the claims occurred in the judicial district of the captioned District Court

5. The events and actions complained of occurred in King County, Washington, within the jurisdiction of this Court.

6. The Plaintiff has filed a claim for damages with the City of Seattle. More than 60 days have elapsed without a response from Defendant City of Seattle. A copy of the claim is attached as Exhibit A and incorporated in this complaint by this reference.



LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

## III. PARTIES

7. Plaintiff Brian Claiborne is a resident of King County, Washington.

8. The defendant, City of Seattle is a governmental entity with the right to sue and be sued in its own name and stead.

9. Defendant Police Officer Brian Hunt was employed by Defendant City of Seattle as a police officer and at all times material was acting within the scope of employment.

## IV. BACKGROUND FACTS

10. On Sunday June 6, 2004, approximately 2:20 a.m. at the 1500 block of East Boylston Street in Seattle, Washington, Brian Claiborne was driving home after work when a Seattle Police patrol car signaled him to stop. Mr. Claiborne immediately pulled over, stopped, and remained in his vehicle with the window down as it had been.

11. A Seattle Police officer, Brian Hunt, told Mr. Claiborne that he decided to pull him over after running his license plates. The license plates were reported as belonging to a 1966 Ford, which was not the car Mr. Claiborne drove. Plaintiff was driving a 1988 Nissan Stanza station wagon.

12. Officer Hunt continued to run Mr. Claiborne's information and reported, "Everything checks out, but you must be drunk, if you don't, you know, know that you don't have your own license plates on your own car."

13. Mr. Claiborne replied that he did not think someone would steal his license plates, so it was not the first thing he assumed. Officer Hunt replied, "Well, you is one dumb nigger."



LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

14. Mr. Claiborne replied, "Hold on sir, I'm being very polite to you. There is nor reason to downgrade me." Officer Hunt then stated, "Well, you must be a drunk nigger – get out of the car."

15. Mr. Claiborne said to Officer Hunt in response, "Hold on. That is not even called for." Mr. Claiborne then placed his hands on the steering wheel and said, "I do not agree with the way you are treating me right now. You could treat me with respect. I have been treating you very respectful in this whole incident, and I gave you my license and registration. Give me a ticket if you have to give me a ticket, but I am not getting out of the care with you calling me a nigger. I am a child of the Most High."

16. Officer Hunt then screamed angrily, "Get out of the car!!" He then grabbed Mr. Claiborne through the window and opened the car door. He slammed Mr. Claiborne down against a hard surface, chipping his front tooth. Mr. Claiborne was not resisting, but Officer Hunt aggressively handcuffed him.

17. Officer Hunt then called for backup to which four patrol cars responded. Officer Hunt immediately reported to the backup officers that Mr. Claiborne was drunk.

18. As an officer approached Mr. Claiborne to apprehend him while Officer Hunt spoke with the other officers, Mr. Claiborne told the officer, "I am not even drunk. You can give me a breathalyzer, a blood test, any test you want to give me – I don't even drink." The officer replied, "Really? So you wouldn't have a problem with taking a test?" Mr. Claiborne replied, "Exactly."

19. A different officer inquired, "Why is your mouth bleeding?" Mr. Claiborne replied, "He (Officer Hunt) slammed me against the 'thing'..." Officer Hunt then interjected with "No, that drunk nigger fell off the 'thing'."



LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

20. Mr. Claiborne replied with, "Sir, I don't even drink. You know, I just got off work, he (Officer Hunt) pulled me over, called me a nigger, and after I didn't respond he got pissed off." The second Officer replied, "Well, he is just having a kind of night, you know. Just calm down."

21. Mr. Claiborne then told the second officer, "You see that I am calm…" To which the officer replied, "I see that you are cooperating. Do you just want to go into the precinct and take a blood test?" Mr. Claiborne replied, "I will take a Breathalyzer."

22. Mr. Claiborne was then escorted to the precinct to take a Breathalyzer test. Upon direction, Mr. Claiborne took the Breathalyzer test four times. Every test resulted with zero.

23. Officer Hunt remained in disbelief, and requested that the officers continuously "give it to him again," resulting in five tests. Mr. Claiborne was out of breath and becoming dizzy during the fifth test, but Officer Hunt exclaimed, "Breathe harder, Breathe harder!!"

24. The third unknown officer stated, "Well, that is about as much of breathalyzer we can give him, you know." Mr. Claiborne then told the officers that they were free to give him a blood test if they did not believe the results of the Breathalyzer test. Mr. Claiborne stated that they can give any type of test they have; he had proven Officer Hunt wrong in his allegation against Him. The officers informed Mr. Claiborne that the arresting officer, Officer Hunt, had discretion in determining the outcome of Mr. Claiborne's arrest.

25. Mr. Claiborne was then placed in a cell to sit for a couple of hours. He asked the officers if he could be released, but he was informed that he had to wait until the



LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

arresting officer completed paperwork on his arrest. Upon Officer Hunt's return, he decided to note that Mr. Claiborne refused a breath test to justify citing him with a DUI, and License Vehicle Impound Display.

26. Mr. Claiborne was then released and walked to his home.

27. The following morning, Mr. Claiborne realized he did not receive his belongings back from the arresting officer. He therefore returned to the precinct to request his belongings, including his identification and wallet. He was told that they were not at the precinct, and if he kept "pushing the issue" of obtaining his confiscated belongings, he would be arrested again.

28. Mr. Claiborne then left the precinct without his belongings, but with the intention of appearing in court Monday to defend himself against the DUI ticket falsely issued by Officer Hunt.

29. Upon arriving in court, the prosecutor explained to the court that because Mr. Claiborne passed all of his tests, he should let out on his own personal recognizance. The presiding Judge replied, "NO. $10,000 cash bond bail, and detain him. Either you plead guilty and I will let you out now with probation, or if you want to plead not guilty, you can sit in jail and think of being guilty." Mr. Claiborne pled not guilty and was consequentially taken to jail.

30. While Mr. Claiborne remained in jail, his tooth became infected and swollen. He did not receive dental care, and was unable to eat due to the pain from the infection and swelling. Inmates offered him Tylenol to reduce the swelling and pain to allow him enough relief to consume food, but to no avail. Mr. Claiborne consumed no food due to the extreme pain he suffered.



LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

31. After spending a month in jail with this detrimental condition, his mother and sister bailed him out of jail and ensured he received dental care.

32. Mr. Claiborne later attempted to secure his car and its contents, including two of his employers' janitorial machines valued at approximately $7,000.00. He was refused access to his vehicle, and told that it was being held by the precinct.

33. Mr. Claiborne's employer was also refused access to the vehicle and was unable to secure the janitorial machines out of the vehicles.

34. Despite these attempts, the precinct sold the vehicle "as is," including all of its contents the day after the hold was over. Seattle Police informed Mr. Claiborne of this sale after it had been completed.

35. Because the car contained his employer's machinery, Mr. Claiborne was fired from his job.

36. Mr. Claiborne was also evicted from his apartment and all of his belongings were taken as a result of this incident.

37. Mr. Claiborne is now a homeless citizen as a result of this false arrest and detention by Seattle Police.

38. Mr. Claiborne returned to court, and the presiding Judge asked, "Why are you here? I do not even want this case in front of me. Dismissed. It is pointless, and you are wasting taxpayer dollars."

39. Mr. Claiborne suffered injuries and damages as a direct result of defendant's unconstitutional, unprofessional and tortuous conduct.



LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

## V. CLAIMS AND CAUSES OF ACTION

### COUNT 1
### (MR. CLAIBORNE'S CLAIM OF VIOLATION OF 42 U.S.C. § 1983 AGAINST OFFICER HUNT)

40. Mr. Claiborne realleges each and every allegation in the preceding paragraphs.

41. Mr. Claiborne's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated by defendant Officer Brian Hunt, who acted under color of law in using excessive force against Mr. Claiborne, falsely arresting him, racially harassing him, and maliciously prosecuting him. Officer Hunt violated 42 U.S.C. § 1983, which resulted in damages to Mr. Claiborne.

### COUNT 2
### (MR. CLAIBORNE' NEGLIGENCE CLAIM AGAINST THE CITY OF SEATTLE)

42. Mr. Claiborne realleges each and every allegation in the preceding paragraphs.

43. City of Seattle is liable for negligently, recklessly, and/or willfully (a) retaining defendant officer knowing his likelihood to commit wrongful acts against civilians; (b) failing to promulgate sufficient rules and standards; (c) failing to properly discipline its officer; and (d) failing to establish proper practices and procedures to determine its officers' psychological fitness for duty. As a result of defendant's negligence, Mr. Claiborne suffered damages.



LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

**COUNT 3**
**(MR. CLAIBORNE'S NEGLIGENCE CLAIM AGAINST THE CITY OF SEATTLE)**

44. Mr. Claiborne realleges each and every allegation in the preceding paragraphs.

45. City of Seattle is liable for negligently, recklessly, and/or willfully (a) retaining defendant officers knowing their likelihood to commit wrongful acts against civilians; (b) failing to promulgate sufficient rules and standards; (c) failing to properly discipline its officers; and (d) failing to establish proper practices and procedures to determine its officers' psychological fitness for duty. As a result of defendant's negligence, Mr. Claiborne suffered damages.

**COUNT 4**
**(MR. CLAIBORNE' CLAIM OF TORT OF OUTRAGE AGAINST ALL DEFENDANTS)**

46. Mr. Claiborne realleges each and every allegation in the preceding paragraphs.

47. Defendants' actions and inactions constitute the common law tort of outrage, which resulted in damages to Mr. Claiborne.

**COUNT 5**
**(MR. CLAIBORNE'S CLAIM OF VIOLATION OF 42 U.S.C. § 1983 AGAINST THE CITY OF SEATTLE)**

48. Plaintiff realleges each and every allegation in the preceding paragraphs.

49. City of Seattle is also liable for violating the plaintiff's constitutional and federal rights under the Fourth and Fourteenth Amendments to the United States



LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

Constitution for (a) failing to train its officers with respect to citizens' civil rights, (b) for failing to reprimand, censure, or punish its officers for their violation of citizens' civil rights, for its gross disregard for plaintiff's civil rights, and (c) for its custom and policy with respect to investigating and responding to citizens' complaints of civil rights violations, specifically plaintiff's complaints. The City's deliberate conduct was the moving force behind its officer's illegal and unconstitutional conduct. As such, the City violated 42 U.S.C. § 1983, which resulted in damages to plaintiff.

50. Defendant City of Seattle, implicitly authorized and approved of the actions of defendant officers and has:

A) Tolerated a pattern of excessive force, violence, and misconduct of defendant officer against various citizens without enforcing proper disciplinary action or reporting possible criminal conduct of the officer to the proper authorities for prosecution;

B) Covered up the pattern of conduct described above by (i) failing to make full and complete disclosures of information required by court order, (ii) prosecuting citizens who were victimized by the violence of defendant officer, (iii) prosecuting citizens on the basis of false and inadequate evidence, and (iv) failing to perform effective and impartial internal investigative reports and complaints of police violence;

C) Failed to adequately monitor and evaluate the performance of its officer and his use of force and deliberate indifference and reckless disregard to the public at large, including the plaintiff;



LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

D) Failed to adequately respond to and investigate complaints regarding officer misconduct by the citizenry, including, but not limited to, complaints regarding harassment, excessive force, false arrest and threats in order to escape liability, creating a policy, practice, custom, or atmosphere where such illegal and unconstitutional behavior is ratified, condoned, or approved in deliberate indifference and reckless disregard to the rights of the public at large, including the plaintiff;

E) A policy which allows its officers to engage in conduct that violates the constitutional rights of persons in custody, without fear of reprimand, discipline, or termination creating an atmosphere where such unconstitutional behavior is ratified;

F) A practice or custom of improperly and inadequately investigating complaints by citizens regarding police behavior including, but not limited to, creating an atmosphere where officers violate the constitutional rights of citizens without fear of discipline in reckless disregard and deliberate indifference to the public at large, including plaintiff; and

G) A policy, practice, or custom of failing to seek criminal prosecution against officers whose behavior violates the laws of the State of Washington and the United States in order to escape liability, in reckless disregard and deliberate indifference to the welfare of the public at large, including the plaintiff.

H) Ratified the officer's conduct.



LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

**COUNT 6**
**(PLAINTIFF'S CLAIM OF VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 AGAINST ALL DEFENDANTS)**

51. Plaintiff realleges each and every allegation in the preceding paragraphs.

52. Defendants have maintained and continue to maintain a policy, pattern, and practice of targeting African-Americans in conducting stops, detentions, interrogations, and searches of Black residents. Defendants' supervisors have been aware that Seattle police officers are engaging in racial profiling, but have refused to stop it. Defendants have personally participated in racial profiling, acted jointly and in concert with others who racially profiled, authorized, acquiesced in or failed to take action to prevent racial profiling, promulgated policies and procedures pursuant to which racial profiling occurred, with deliberate indifference failed and refused to implement and maintain adequate training and supervision and/or ratified the use of racial profiling. Seattle Police Department programs, policies, and practices have a discriminatory impact on Black residents. The Seattle Police Department is engaging in racial discrimination and is receiving federal funding. Seattle Police Department is in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d) and 28 C.F.R. § 42.104(b)(2).

## VI. DAMAGES

53. As a result of defendant officer, and Defendant City's actions, the plaintiff suffered physical injuries, personal suffering, emotional stress, pain and suffering as well as economic suffering and hardship.

WHEREFORE, plaintiff seeks the following relief:

1. Special damages in such amount as shown at trial.



LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

2. General damages in such amount as shown at trial

3. Punitive damages in such amount as shown at trial.

4. Reasonable attorney's fees.

5. Costs and disbursements herein.

6. Interest on each item of damages from the date incurred until paid at the maximum statutory rate.

7. Such other and further relief as to this court seems just under the circumstances.

DATED: July 26, 2006.

LEMBHARD G. HOWELL
WSBA #133
Attorney for Plaintiff



LAW OFFICES
LEMBHARD G. HOWELL, P.S.
PACIFIC BUILDING, SUITE 2105
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 623-5296

NOTE:
Type or Print Legibly.
See instructions on back.

City of Seattle

# CLAIM FOR DAMAGES

| CITY USE ONLY |
|---|
| CLAIM NUMBER |
| DATE FILED |

CLAIMANT — NAME (FIRST - M. - LAST OR BUSINESS NAME): BRIAN E. CLAIBORNE

HOME PHONE: c/o attorney 206-6235296

HOME ADDRESS (NUMBER - STREET - CITY - STATE - ZIP): c/o Lembhard G. Howell 720 Third Avenue, #2105, Seattle, WA 98104

BUS. PHONE: 206-623-5296

ACCIDENT/LOSS — DATE: June 6, 2004 TIME: Approximately 2:00 a.m.--3:00 a.m.

LOCATION/SITE — BE VERY SPECIFIC: STREETS, ADDRESSES, etc.
1500 Block of East Boylston, Seattle, King County WA.

DIAGRAM
Use if this will help you locate or describe what happened

WHAT HAPPENED — DESCRIBE IN YOUR OWN WORDS HOW THIS LOSS OCCURRED AND WHY YOU BELIEVE THE CITY IS RESPONSIBLE.
See attached.

CITY DEPT.
CITY EMPLOYEE(S)?
CITY
VEHICLE NUMBER, LIC., etc.

WAS YOUR PROPERTY (home, auto, personal property) DAMAGED?
XX YES — IF SO, THEN FULLY DESCRIBE - SUCH AS AGE, MAKE, MODEL, CONDITION, VALUE, OR EXTENT OF DAMAGE.
☐ NO
Property impounded and sold: 1) Floor stripper; 2) Floor polisher; and 3) 1988 Tan Nissan Stanza station wagon. Approximate total value = $8,000.00.

WERE YOU INJURED? ☒ YES ☐ NO — IF YES, THEN COMPLETE THE FOLLOWING:

DESCRIBE YOUR INJURY (IDENTIFY YOUR DOCTOR(S)) See attached

DATE OF BIRTH 08/01/1971 WAGE LOSS ☒ YES ☐ NO — IF YES, THEN RATE OF PAY $13/$15 per hour

KIND OF WORK Janitorial/Driving EMPLOYER NW Association Cleaning Team

AMOUNT CLAIMED — IF UNKNOWN, THEN ENTER "UNKNOWN" $ UNKNOWN

SIGNATURE OF CLAIMANT (AND TITLE, IF A BUSINESS) — I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this ______ day of November, 2005 at Seattle King County, County, Washington.

Attorney for Claimant:
Lembhard G. Howell, P.S.
Lembhard G. Howell
720 3rd Ave., #2105
Seattle, WA 98104
(206) 623-5296

BRIAN E. CLAIBORNE

05 19.10 REV. 8/04

Exhibit A

# PRESENTATION OF A CLAIM

This official City of Seattle document must be signed, and mailed or delivered.

Mail to:
CITY CLERK'S OFFICE
PO BOX 94728
Seattle, WA 98124-4728

Deliver to:
CITY HALL
600 Fourth Avenue, 3rd Floor
Between James St. & Cherry St.

**It is to your advantage** to present with your claim relevant supporting documents (receipts, canceled checks, estimates, billings, etc.) or additional evidence (photos, diagrams, etc.). All documents are subject to the Washington State Public Disclosure Statutes.

# EXPLANATION OF CLAIMS PROCESS

The day after your Claim is filed in the City Clerk's Office, it is delivered to the Claims Section. The Claim is then assigned to an adjuster who will conduct an investigation which includes a written response from the involved department. The claims section will then evaluate and recommend a reasonable resolution of your Claim, which will be one of three alternatives:

1. Pay a sum of money.
2. Tender - transfer to another party or entity.
3. Deny - where there is no evidence of any negligence by the City.

If you have any questions, then do not hesitate to call the Claims Section at 684-8213.

(Brian Claiborne
Claim for Damages Continued)

# EXHIBIT A

On June 6, 2004 at approximately 2:20 a.m. at the 1500 block of East Boylston Street in Seattle, King County, Washington, Claimant was driving home after work at which point a Seattle Police vehicle flashed its lights signaling claimant to stop. Claimant immediately pulled over, stopped, and remained in his vehicle with the window down as it had been. A Seattle Police officer, later identified as Officer Brian Hunt, said he had pulled claimant over after running his license plates and them coming back as belonging to a 1966 Ford and not the car claimant was driving, a 1988 Nissan Stanza station wagon.

After running claimant's information Officer Hunt came back to claimant's car and said "Everything checks out, but you must be drunk, if you don't, you know, know that you don't have your own license plates on your own car." Claimant said he did not figure that someone would steal his license plates so it was not the first thing he thought of. Office Hunt then responded, "Well you is one dumb nigger" and claimant said, "Hold on sir, I'm being very polite to you. There is no reason to downgrade me." Office Hunt replied, "Well, you must be drunk nigger – get out of the car."

Claimant said to Officer Hunt in response, "Hold on. That is not even called for" at which point claimant put his hands on the steering wheel and said: "I do not agree with the way you are treating me right now. You could treat me with respect. I have been treating you very respectful in this whole incident, and I gave you my license and registration. Give me a ticket if you have to give me a ticket, but I am not getting out of the car with you calling me a nigger. I am a king – I am a child of the most high." As soon as claimant said that statement Officer Hunt got really angry and yelled: "Get out of the car!" at which point he grabbed claimant through the window and opened claimant's door and slammed claimant on the and object that chipped claimant's tooth. Claimant was not resisting and Officer Hunt did whatever he wanted to do to claimant at that point, including handcuffing claimant.

Officer Hunt then he called for backup and four patrol cars came. Officer Hunt starting stating to all the officers "Yeah, he is a drunk." Another officer came and held me while he went to go talk to some of the other officers who arrived at the scene. Then, the officer that was holding claimant started asking me questions about what was happening. Claimant told the officer "I am not even drunk. You can give me a breathalyzer, a blood test, any test you want to give me – I don't even drink." The officer replied "Really? You do not even drink? Oh, you would not have a problem with taking a test?" and claimant replied: "Eexactly" and the office then stated "Let me take you in and I will give you a blood test."

The second officer again asked claimant "So, what happened? Why is your mouth bleeding?" and claimant replied to the second officer, "He (Officer Hunt) slammed me against the thing" and which point Officer Hunt said "No, that drunk nigger fell off the thing." Claimant then told the second officer "Sir, I don't even drink. You know. I just got off work, he (Officer

Hunt) pulled me over, he called me a nigger, and I did not respond and he got pissed off." The second officer then stated to claimant, "Well he is just having a kind of night, you know. You know, he already had a situation a little earlier, and the other guys just gave him a real bad time – just calm down." Claimant told the second officer "You see that I am calm" and the second officer said "Yeah. Okay, well, I see you are cooperating. Do you just want to go into the precinct and take a blood test?" I said, "I would take a breathalyzer" at which point the second officer took claimant to the precinct to take the Breathalyzer test.

Officer Hunt would not believe that claimant was blowing a zero on the test and kept saying, "You must have something. Give it to him again" at which point Officer Hunt took over the test from the second officer and gave it to claimant four more times. All came back with zero and at the point where the fifth test was being administered claimant was so out of breath, he was dizzy and Officer Hunt was telling claimant to: "Breathe harder, breathe harder!" At that point a third officer said "Well, that is about as much of breathalyzer as we can give him, you know" and claimant stated if they did not believe the results they could give him a blood test. Claimant said they could give any kind of test they have. Claimant said he proved Officer Hunt was wrong, but the officers would only state that it was up to the arresting officer as to what happened to claimant.

Claimant was placed in a cell and sat in a cell for a couple of hours at which point he asked if he could go home. One of the officers came in and said he was not the arresting officer and he has to wait until the arresting officer does paperwork, etc. before claimant can be released. It is up to the arresting officer. Officer Hunt came back, and he and the other officer were talking about what to do with claimant at which point Officer Hunt said, "Well I am just going to write him up as a refusal, you guys can just let him go." Officer Hunt gave claimant a ticket for DUI and License Vehicle Impound Display.

Claimant was released and walked home. The next day, Sunday, he realized they did not give him any of his belonging back and he goes back to the precinct and tells them who he is I and told them that Officer Hunt did not give claimant his identification and his wallet which he did not get back. Claimant was informed by one of the officers on duty that they did not have his wallet or any of his belongings. One officer stated that if claimant kept pushing the issue of obtaining the belongings they took the night before, if he kept "pushing the issue", they would "just arrest you now." Claimant left the precinct with intentions of appearing in court on Monday per the date that was set for the bogus DUI ticket issued by Officer Hunt.

Claimant went to court on the next Monday per the ticket he received and the prosecutor on the case said that there was no reason to detain claimant as he had passed all of his tests. He should let out on his own personal recognizance. The judge said "NO. $10,000 cash bond bail, and detain him. Either you plead guilty and I will let you out now with probation, or if you want to plead not guilty, you can sit in jail and think of being guilty." Claimant was taken to jail.

Claimant remained in jail with the busted tooth from Officer Hunt's actions that started becoming infected and swollen while he was in jail. Other people in jail began giving claimant their Tylenol because they could see he was infected and could not eat. Claimant did not receive dental care for his infection/broken tooth until his mother and sister bailed him out. Claimant

attempted to get his car and its contents back after he was released. His car contained a floor stripper and floor polisher that belonged to his boss and were valued at approximately $7,000.00. Claimant was told his car and the contents were on a hold and then, immediately after the hold, they sold the car and their content the day after the hold was over. Claimant's boss tried to go and get his machines out of the vehicle and he was not allowed to get his machinery. The police said it was on hold. Then the car was sold "as is" with the machines in it. Claimant was told by Seattle Police that what was in the car went with the car "as is." Claimant lost his job due to this incident as well as his apartment that he was evicted from due to being incarcerated as a result of this incident. All his belongings and valuables were taken. Claimant is now homeless as a result.

When Brian Claiborne returned before the judge after being released on bail, the judge, after looking at the file and paperwork said: "Why are you here? I do not even want this case in front of me, dismissed, it is pointless, and you are wasting taxpayer dollars."