UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN CLAIBORNE,

        Plaintiff,

   v.

THE CITY OF SEATTLE, et al.,

        Defendants.

CASE NO. C06-1061RSM

SUPPLEMENTAL ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The matter is before the Court for further consideration of defendants' motion for partial summary judgment, Dkt. # 24.  On July 20, 2007, the Court granted defendants' motion for partial summary judgment as to plaintiff's claims of false arrest and unlawful seizure against individual defendant Officer Hunt, as well as all claims against the Seattle Police Department.  As to plaintiff's claims against the City of Seattle, the Court granted his request for a continuance of the motion so that he could have an opportunity to depose the Rule 30(b)(6) designee for the City of Seattle and thereby obtain evidence to support his claims.  The motion for partial summary judgment was re-noted, and the parties were given the opportunity to file supplemental memoranda on the evidence presented by plaintiff.  Plaintiff deposed the representatives for the City of Seattle on June 21, 2007, the parties have filed their supplemental memoranda, and the matter is now ripe for consideration.

The complaint asserts three separate causes of action against the City of Seattle: (1) a claim of negligence, for negligently or recklessly retaining Officer Hunt as a policeman and failing to discipline him for his wrongful acts (Counts 2 and 3[1]); (2) a claim under 42 U.S.C. § 1983 for violation of plaintiff's civil rights (Count 5); and (3) a claim for violation of plaintiff's civil rights under 42 U.S.C. § 2000d.

---

[1] Counts 2 and 3 of the complaint are identical.  Dkt. # 1, ¶¶ 42-45.

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1

This last section prohibits discrimination on the basis of race in determining participation in, or receipt of benefits from, any federally-assisted program. 42 U.S.C. § 2000d; 28 C.F.R. § 42.104. The Court finds, as a matter of law, that this section does not provide a cause of action to plaintiff in the context alleged here, namely discrimination in the context of an arrest. The Court accordingly shall grant defendants' motion for summary judgment on this claim.

Plaintiff's negligence claim depends on a finding of wrongful conduct on the part of Officer Hunt, a matter that awaits determination by the trier of fact. Defendants' motion for summary judgment on this claim must accordingly be denied.

As to plaintiff's claim under § 1983, the Court finds that despite the extension given plaintiff to produce evidence in support of his claim, he has failed to do so. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that (a) the defendant acted under color of state law, and (b) the defendant's conduct deprived plaintiff of a constitutional right. *Balistreri v. Pacifica Police Department*, 901 F. 2d 696, 699 (9th Cir. 1988). In addition, the plaintiff must allege facts showing how each named defendant caused or personally participated in causing the harm alleged. *Arnold v. IBM*, 637 F. 2d 1350, 1355 (9th Cir. 1981). A suit brought pursuant to § 1983 cannot be based on vicarious liability alone, but must allege that each defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). Nor may a plaintiff hold supervisory personnel liable under 42 U.S.C. § l983 for constitutional deprivations under a theory of respondeat superior. *Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir. 1989).

A local governmental unit or municipality can be sued as a "person" under § 1983 only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." The governmental entity "may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior." *Id.*, at 694.

The only evidence produced by plaintiff in support of his § 1983 claim against the City of Seattle is an unauthenticated and inadmissible copy of a draft report by the Office of Professional Accountability Review Board. Dkt. # 42, Exhibit C. Even if it could be considered by the Court, this report, which details an investigation into an arrest that occurred in 2007, is not relevant to the circumstances

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2

surrounding plaintiff's arrest three years earlier.  Plaintiff has thus produced no evidence of a policy or practice on the part of the City of Seattle to deny arrestees their civil rights through racial profiling, failure to investigate complaints, or in any other way that plaintiff has alleged.

Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotres Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial. F.R.Civ. P. 56(e).

Although plaintiff was given additional discovery time so that he could obtain evidence to support his § 1983 claim against the City of Seattle, he has failed to present such evidence.  In the absence of evidence of a relevant policy or practice, the City of Seattle is not liable under § 1983 for the constitutional deprivations alleged.  *Monell v. Department of Social Services*, 436 U.S. at 690-91. Defendants' motion for summary judgment on the § 1983 claim against the City shall accordingly be granted.

## CONCLUSION

Defendants' motion for partial summary judgment (Dkt. # 24) is   GRANTED IN PART and DENIED IN PART.  As to plaintiff's claims under 42 U.S.C. § 200d and 42 U.S.C. § 1983 (Counts 5 and 6 in the complaint), the motion is GRANTED and these claims are DISMISSED.   As to plaintiff's claim of negligence against the City of Seattle (Counts 2 and 3 of the complaint), the motion for summary judgment is DENIED.

DATED this 2th day of August 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3