1
2
3
4
5
6
7    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
     AT SEATTLE
8
9    BRIAN CLAIBORNE,

           Plaintiff,                          CASE NO. C06-1061RSM

     v.                                        ORDER ON DEFENDANTS' SECOND
                                               MOTION FOR SUMMARY
     THE CITY OF SEATTLE, et al.,              JUDGMENT

           Defendants.

The matter is before the Court for consideration of defendants' second motion for summary judgment, Dkt. # 39. Defendants have been granted leave to file this motion outside the dispositive motion deadline. Plaintiff has opposed both the extension of the filing deadline and the motion itself. For the reasons set forth below, the motion for summary judgment shall be denied.

## DISCUSSION

This motion addresses two of the remaining claims in the complaint: plaintiff's claim against Officer Hunt under 42 U.S.C. § 1983 for use of excessive force in his arrest, and plaintiff's state law claim of outrage against Officer Hunt. Defendants argue that both claims should be dismissed because plaintiff has only his own conclusory allegations to support them. Defendants also assert that plaintiff has failed to produce any medical evidence to support his claims of injury. Defendants contend that plaintiff's failure to release his medical records is sanctionable conduct, and that an appropriate sanction is dismissal of his claims.

With respect to the excessive force claim, plaintiff has provided his deposition testimony regarding the arrest. Deposition of Brian Claiborne, Dkt. # 56, Exhibit A. Plaintiff, in this sworn statement, testified that Officer Hunt reached through the open window of the car and grabbed him by the

ORDER ON MOTION FOR SUMMARY
JUDGMENT - 1

hair, pulling his head through the window, and then opened the car door and then pulled plaintiff, who was off balance with one foot on the ground, out of the car. *Id.*, pp. 62-65.  He then pushed plaintiff's face into the roof of the car, three times. *Id.*, pp. 66-67.  Plaintiff stated that as a result, his face was bleeding and his front teeth were chipped or "jammed". *Id.*, pp. 75-77.  This account is completely contradicted by the statements of the arresting officers, who categorically deny any use of force against plaintiff.  Dkt. # 39, Exhibits A and B.   There is thus a material factual dispute regarding the actions of Officer Hunt.

Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  It is not the court's function at the summary judgment stage to determine credibility or to decide the truth of the matter. *Id*. Rather, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*.  at 255.

Plaintiff's sworn deposition is more than conclusory allegations as alleged by defendants.  It is evidence recognized in Rule 56 as competent to support a claim, just as the officers' depositions are competent evidence to support their opposition to plaintiff's claim.  The medical records which plaintiff has not provided may be relevant to the extent of his injuries, but are not necessary to prove his allegations regarding offer Hunt's actions during the arrest.  Instead, plaintiff's sworn statements regarding the arrest are to be viewed in the light most favorable to him, as the non-moving party, at this state of the proceedings.  The credibility determinations which will be required to resolve this factual dispute between plaintiff and the officers are for the jury, not this Court, to make.  Defendants' motion for summary judgment on the excessive force claim must accordingly be denied.

As to the claim of outrage, defendants assert that the racial epithets which plaintiff contends Officer Hunt used are insufficient, as a matter of law, to support a claim of outrage. To support such a claim, a plaintiff must prove (1) that defendant's conduct was "extreme and outrageous," (2) that defendant intentionally or recklessly inflicted emotional distress upon the plaintiff, and (3) that plaintiff

ORDER ON MOTION FOR SUMMARY
JUDGMENT - 2

has actually suffered a severe emotional distress as a result of defendant's outrageous conduct. *Harris v. City of Seattle*, 315 F. Supp. 2d 1112, 1124 (W.D.Wash. 2004); citing *Dworkin v. Hustler Magazine, Inc.*, 867 F. 2d 1188, 1193 (9th Cir. 1989) and *Haubry v. Snow*, 106 Wash. App. 666, 680 (2001). The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*; citing *Haubry v. Snow*, 106 Wash. App. at 680. The Court should make the initial determination as to whether reasonable minds could differ on whether the conduct was sufficiently extreme and outrageous to result in liability. *Id*.; *Robel v. Roundup Corp.*, 148 Wash. 2d 35, 43 (2002). Only if reasonable minds could differ should the claim go to the jury.

Here, the Court finds that reasonable minds could differ as to whether the conduct alleged here, which includes not only the racial epithets but all of Officer Hunt's alleged actions, was outrageous. Plaintiff has adequately alleged both the conduct and his resulting emotional distress. Specifically, plaintiff has stated at deposition that he has been diagnosed by "Rudy" at Harborview Medical Center with depression as a result of this incident. Deposition of Brian Claiborne, Dkt. # 56, Exhibit A, p. 195. Plaintiff's sworn deposition about these matters creates an issue of fact for determination by the jury. Defendants' motion for summary judgment on the outrage claim must accordingly be denied.

CONCLUSION

As there are genuine issues of material fact remaining on plaintiff's claims of excessive force and outrage, defendants' motion for summary judgment is DENIED. These two claims, together with plaintiff's claim of negligence against the City of Seattle, shall proceed to trial. However, the Court has a conflict that will require re-scheduling of the trial, which is now set to begin on September 4, 2007. Counsel shall appear for a pre-trial conference in chambers on that day, **Tuesday, September 4, 2007, at 1:00 p.m..** to discuss a new trial date and other pre-trial matters. The Court shall address the matter of appropriate sanctions for plaintiff's failure to provided releases for his medical records at that time.

DATED this 29th day of August, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR SUMMARY JUDGMENT - 3