The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BRIAN CLAIBORNE, <br><br> Plaintiff, <br> v. <br><br> THE CITY OF SEATTLE, a Municipal Corporation; CITY OF SEATTLE POLICE DEPARTMENT; and SEATTLE POLICE OFFICER BRIAN HUNT, <br><br> Defendants. | NO. C06-1061RSM <br><br> DEFENDANTS' TRIAL BRIEF <br><br> TRIAL DATE: <br> SEPTEMBER 4, 2007 <br> (CONTINUED) |

## I. INTRODUCTION

Defendants Officer Brian Hunt and the City of Seattle ("City") respectfully submit this trial brief to the Court. The following claims remain for trial against Officer Hunt: (1) use of unreasonable force under 42 U.S.C. §1983 and (2) tort of outrage under state law. The only claim remaining against the City of Seattle is negligent supervision/retention under state law. The parties anticipate that this trial will take only one to two days.

DEFENDANTS' TRIAL BRIEF - 1
C06-1061RSM
3019-028282 184759

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

## II. SUMMARY OF FACTS

### A. Procedural Summary.

1. Pending Motion.

On August 2, Officer Hunt noted a second motion for summary judgment dismissal of plaintiff's §1983 excessive force claim and state outrage claim. On August 28, this Court granted Officer Hunt's motion for an extension of the dispositive motion deadline based on plaintiff's failure to produce medical records. After defense counsel initiated a discovery conference with plaintiff's counsel regarding plaintiff's failure to produce medical records and his decision not to execute a release for the defendant – after initially agreeing to execute one – plaintiff's counsel agreed to obtain a release from his client and produce medical records. Apparently, plaintiff's counsel was not able to convince plaintiff to execute the release, but never informed defendants of this fact.

Officer Hunt moved for summary judgment dismissal of the remaining two claims not addressed in the City's first motion for summary judgment. The Court has not ruled on the second motion for summary judgment.

### B. Facts Underlying the Lawsuit.

Police officers commonly run license plates to verify that a car is properly licensed. Just after 2:00 a.m. on June 6, 2004, Seattle Police Officer Brian Hunt checked the license plate of a car driven by plaintiff Brian Claiborne. Officer Hunt noticed that the license plates on Mr. Claiborne's Nissan station wagon belonged to a Ford truck. Mr. Claiborne does not deny that he displayed the wrong license plates, but blames the error on his mechanic.

DEFENDANTS' TRIAL BRIEF - 2
C06-1061RSM
3019-028282 184759

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

Officer Hunt pulled Mr. Claiborne over for suspicion of driving a stolen car. After Officer Hunt checked the car's VIN, he concluded that Mr. Claiborne was the registered owner of a Nissan Stanza. Officer Hunt determined that Mr. Claiborne owned the Nissan, but was displaying the wrong license plates.

During the investigation, Officer Hunt noticed the odor of alcohol, and began to suspect Mr. Claiborne of driving while intoxicated. Officer Hunt then called for assistance from another police officer who was specially trained to administer field tests for sobriety. Claiborne makes a number of outrageous claims regarding his interaction with Officer Hunt, including claiming that Officer Hunt called Mr. Claiborne a "nigger," pulled Claiborne out through the open driver's-side window, and pushed his head against the car door roof. Claiborne alleges that two of his right front teeth became jammed and loose. Officer Hunt vehemently denies these accusations.

Officer Kevin Runolfson arrived and, to determine Mr. Claiborne's intoxication, subjected Mr. Claiborne to field sobriety tests and a portable breath test. Clairborne failed the tests. Prior to administering the PBT and as required by protocol, Officer Runolfson confirmed that nothing, including blood, was in Mr. Claiborne's mouth. Mr. Claiborne's reading on the PBT was .116 BaC, which exceeds the legal limit of .08 BaC. Mr. Claiborne admitted that he had just consumed two beers at his friend's birthday party. He also admitted that he was currently undergoing dental treatment. Based on Mr. Claiborne's BaC reading and his inability to successfully complete the physical tests, Officer Runolfson placed Mr. Claiborne under arrest for DUI, and transported him to the East Precinct. Clairborne did not sue Officer Runolfson.

DEFENDANTS' TRIAL BRIEF - 3
C06-1061RSM
3019-028282 184759

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

While at the East Precinct, Mr. Claiborne initially agreed to take another breathalyzer test. However, Mr. Claiborne stopped blowing into the breathalyzer machine before the machine could register a reading. Claiborne would not continue to blow into the machine; as a result, the machine could not get a reading. To verify that the breathalyzer machine was properly working, Officer Runolfson performed a number of test samples by blowing into the machine himself. Officer Runolfson concluded that the machine was functioning properly. Mr. Claiborne was released from the precinct after he received citations for DUI and improper license display.

Because Mr. Claiborne's car blocked the roadway, Officer Runolfson called Lincoln Towing to move the car. Lincoln Towing sent Mr. Claiborne notices that his car would be auctioned for failure to pay towing fees. A magistrate rejected Mr. Claiborne's request to waive the fees imposed by the towing company, and Mr. Claiborne's car was sold at auction. Mr. Claiborne claims that the car contained cleaning equipment that belonged to his employer. Clairborne's claims as to the value of the cleaning equipment have ranged from $7,000 to $10,000 and then up to $12,000.

The municipal court dismissed the charges against Mr. Claiborne when a prosecuting witness (Officer Runolfson) did not appear for the trial. The Department of Licensing suspended Clairborne's license, and he did not contest the suspension.

C. **Damages sought by Plaintiff.**

　　1.　Physical Damages.

Mr. Claiborne claims that Officer Hunt knocked two teeth loose and jammed his teeth by pulling him out of the car and against a hard surface. The evidence indicates that Mr. Claiborne's teeth were damaged prior to his interaction with Officer Hunt. In

DEFENDANTS' TRIAL BRIEF - 4
C06-1061RSM
3019-028282 184759

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

fact, just two weeks prior to this arrest, Mr. Claiborne had visited a dental clinic complaining of pain to his tooth #10. Tooth #10 is the same tooth he now claims was injured by Officer Hunt. When Mr. Claiborne made his appearance for the DUI, he was placed into King County Jail. While in jail a nurse practitioner examined Mr. Claiborne's teeth and noted tooth decay. It is simply impossible for Clairborne's tooth decay to develop to such an extent in just two days. Mr. Claiborne has neither photographs of his alleged injury nor any medical/dental records showing his alleged injury.

The plaintiff's damages beyond his claim of physical injury are severely truncated by the nature of his claims and the course of his confinement. First, there remains no viable false arrest/imprisonment claim as the court has already dismissed that claim. Accordingly, no emotional distress, embarrassment, etc., damages can be awarded for the plaintiff's incarceration. Moreover, as the Supreme Court recently held, once a court determines that the suspect's confinement pretrial is justified by the facts damages for wrongful imprisonment cease to accumulate. Wallace v. Kato, 127 S.Ct. 1091, 1096 (2007). Any emotional damages the plaintiff could claim, consequently, are related only to the excess force and outrage allegations, and not to the DUI charge, his incarceration, his alleged eviction, loss of property, or any other cause.

2. Personal Property.

With respect to other damages Mr. Claiborne continues to make incredible and utterly unfounded allegations. Mr. Claiborne claims that: (1) he was evicted from his apartment shortly after his release from jail causing him to lose a record collection valued at $100 million, a Ford Escort, stereo speakers worth $10,000, two keyboards worth $3,000, a track machine worth $5,000, and speakers worth $1,000 each; (2) he

DEFENDANTS' TRIAL BRIEF - 5
C06-1061RSM
3019-028282  184759

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

lost some $12,000 (or $10,000, depending on when he is asked) worth of his employer's cleaning equipment in his car at the time his car was impounded (for which his employer never bothered to make a claim or otherwise pursue); and (3) he lost custody of his four children after going homeless after this incident. The evidence shows that Mr. Claiborne made no attempts to gain custody of his children, however; in fact, the evidence establishes he disputed paternity regarding several of the children.

Notwithstanding the chimerical nature of Claiborne's property and custody damages claims, all such claims are beyond compensation in this action. The plaintiff simply has no remaining cause of action that would provide for such damages. The only potential basis for such damages would have been his false arrest/imprisonment claim against Officer Hunt. As has been noted, however, that claim has been dismissed. Moreover, Officer Hunt had no role in Claiborne's arrest for DUI, the basis for his extended incarceration. Accordingly, no claim against Officer Hunt could result in an award of damages that springs from his incarceration for DUI. Further, there is no remaining claim against the City of Seattle that would allow an award of damages for any incarceration related damages. The plaintiff claims to have brought a malicious prosecution claim against Officer Hunt only, but Officer Hunt indisputably did not cause Claiborne's incarceration. Accordingly, all incarceration-related damage claims are non-recoverable regardless of whether Claiborne actually made a malicious prosecution claim against Hunt. Therefore, assuming *arguendo* the court were to not dismiss Claiborne's excess force claim, his property damage claims would be limited to those items related to his force claims alone, if any.

DEFENDANTS' TRIAL BRIEF - 6
C06-1061RSM
3019-028282 184759

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

## III. ISSUES FOR TRIAL

The defendants contend that there is but one issue for trial: whether Officer Hunt used excessive force during Clairborne's traffic stop, and, if so, what damages Clairborne suffered as a result.

While the plaintiff contends that he will pursue other claims at trial, the defendants believe that plaintiff's claim for outrage against Officer Hunt and negligence against the City of Seattle are so clearly unfounded that they should not be allowed to be put before the jury. The defendants will describe below why these issues should not go before the jury.

## IV. LAW AND ARGUMENT

### A. Claims against Officer Brian Hunt

#### 1. 42 U.S.C. §1983 Claim Arising Under Fourth Amendment – Use of Force

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself. Thus, in order to prove an unreasonable seizure in this case, Mr. Claiborne must prove by a preponderance of the evidence that Officer Hunt used excessive force during the traffic stop.

Officer Hunt denies using any force during the traffic stop with Mr. Claiborne. After Officer Hunt determined that the car was not stolen, he noticed that Mr. Claiborne appeared to be intoxicated. Officer Hunt asked Mr. Claiborne to step out of the car, but did not pull Mr. Claiborne, who stands 5 feet 11 inches tall, through the car window. Officer Hunt called for another officer to arrive to the scene to conduct field sobriety tests. Officer Runolfson appeared, and Officer Hunt had no further interaction with

DEFENDANTS' TRIAL BRIEF - 7
C06-1061RSM
3019-028282 184759

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

Mr. Claiborne. There is no objective evidence that Clairborne suffered any injury at all as a result of this event. Indeed, what sparse evidence exists regarding the plaintiff's medical condition shows he suffered tooth problems well before his involvement with Officer Hunt.

Accordingly, this is not a typical use of force case, where the officer argues that the force was reasonable. Rather, the officer here denies any use of force whatsoever. The standard Ninth Circuit instructions, modified to reflect that issue, are sufficient for this case, should the Court deny defendant's pending (second) summary judgment motion.

2. Tort of Outrage under State Law.

Washington courts have played an important gate-keeping role with outrage claims, and this claim should be eliminated before it can reach the jury. Dicomes v. State, 113 Wn.2d 612, 630, 782 P.2d 1002 (1989) (*citing* Phillips v. Hardwick, 29 Wn. App. 382, 387, 628 P.2d 506 (1981)). Outrage liability exists only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Grimsby v. Samson, 85 Wn.2d 52, 530 P.2d 291 (1975).

Officer Hunt denies calling Mr. Claiborne a "nigger" at any time during the traffic stop. Even if he had, the use of a racial epithet alone, as noted in defendants' summary judgment motion, is insufficient to support such a claim. Accordingly, plaintiff's outrage claim should not go before the jury.

DEFENDANTS' TRIAL BRIEF - 8
C06-1061RSM
3019-028282  184759

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

**B.    Claim against the City of Seattle.**

<u>Negligent Training/Retention</u>.

To establish a claim of negligent supervision/retention, Claiborne must prove the following elements by a preponderance of the evidence:  (1) Officer Hunt presented a risk of harm to others; (2) the City of Seattle knew or in the exercise of reasonable care, should have known, that the employee presented such a risk; and (3) the City of Seattle's failure to adequately supervise the employee was the proximate cause of plaintiff's injury.  <u>Niece v. Elmview Group Home</u>, 79 Wn.App. 660, 667, 904 P.2d 784 (1995).

Here, plaintiff conducted no written discovery, and has no evidence of any discipline meted against Officer Hunt.  Plaintiff conducted a 30(b)(6) deposition of a City witness to obtain testimony regarding Officer Hunt's personnel file, yet cannot identify any evidence that the City should have known that Officer Hunt presented any risk of harm to others.  Accordingly, this claim should not go before the jury.

DATED this  30th day of August, 2007.

STAFFORD FREY COOPER

By:   /s/Ted Buck via ECF
Ted Buck, WSBA #22029
Kim M. Tran, WSBA #29734
John Chung, WSBA #33986
Attorneys for Defendants City of Seattle
and Officer Brian Hunt

DEFENDANTS' TRIAL BRIEF - 9
C06-1061RSM
3019-028282 184759

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

## Certificate of Service

I certify that on the date noted below I electronically filed this document entitled DEFENDANTS' TRIAL BRIEF with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Lembhard G. Howell, 133
lemhowell@qwest.net
Law Offices of Lembhard G. Howell, PS
720 Third Avenue, Suite 2105
Seattle, WA  98104-1830
(206) 623-5296
FAX: (206) 628-6474
   *Attorneys for Plaintiff Brian Claiborne*

and I certify that I have caused to be served in the manner noted below a copy of the above-listed document to the following non CM/ECF participants:

[ ]  Via Facsimile
[ ]  Via First Class Mail
[ ]  Via Messenger

DATED this 30th day of August, 2007, at Seattle, Washington.


                              /s/ Ted Buck via ECF

DEFENDANTS' TRIAL BRIEF - 10
C06-1061RSM
3019-028282  184759

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885